**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 5, 2011

Lyle W. Cayce
Clerk

No. 10-11115
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MISAEL SANTANA-RIVERA,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CR-319-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Misael Santana-Rivera appeals the sentence imposed following his guilty-plea conviction for conspiracy to possess with intent to distribute more than 500 grams of cocaine. *See* 21 U.S.C. §§ 841(a), (b) and 846. He argues that the district court clearly erred in calculating his base offense under U.S.S.G. § 2D1.1 because the record was devoid of any reliable proof of drug quantity. In addition, he states that there was no reliable evidence that proved the quantities of drugs

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

assessed in the presentence report (PSR) fell within the time limits of his involvement in the drug conspiracy.

The district court's determination of the quantity of drugs attributable to a defendant for purposes of § 2D1.1 is a factual finding that we review for clear error. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). A PSR generally bears sufficient indicia of reliability to be considered at sentencing, and the defendant bears the burden of demonstrating by competent rebuttal evidence that the information in the PSR relied upon by the district court is materially untrue. *United States v. Valencia*, 44 F.3d 269, 274 (5th Cir. 1995).

Santana-Rivera argues that the district court clearly erred in finding that the handwritten notes seized by law enforcement officers in the apartment where he was arrested were drug ledgers and in using the notations made therein in its calculation of drug quantity for purposes of § 2D1.1. In *United States v. Mergerson*, 4 F.3d 337, 347 (5th Cir. 1993)*,* we determined that the district court erred in calculating the drug quantity for purposes of sentencing because a purported drug ledger was the only evidence offered by the Government to support its assertion that the drug quantity involved in the conspiracy was over a kilogram of heroin. In *United States v. Narviz-Guerra*, 148 F.3d 530, 537 (5th Cir. 1998), we concluded that the PSR was unreliable because the evidentiary bases for the probation officer's drug quantity calculation were not attached to the PSR, and there was no indication of how the PSR was corroborated.

By contrast, in this case, the district court's finding that the notes in question were drug ledgers was corroborated at sentencing by the testimony of an agent from the Drug Enforcement Administration. The agent's testimony that the notes were drug ledgers bear a sufficient indicia of reliability for sentencing purposes. Also, that testimony was corroborated by Santana-Rivera's admission that he possessed the cocaine found in the apartment, evidence of drug paraphernalia and money counting found in the apartment, and evidence

that Santana-Rivera had telephone contact with others in the drug conspiracy. *See United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010), *cert. denied,* 79 U.S.L.W. 3673 (U.S., May 31, 2011) (No. 10-10242); *United States v. Guerrero*, 129 F.3d 611, 1997 WL 681229, at **8-10 (5th Cir. 1997); *United States v. Thomas*, 12 F.3d 1350, 1372 (5th Cir. 1994). Additionally, Santana-Rivera's testimony that the notes were really evidence of a motor vehicle sale is absurd in light of the document itself. His testimony failed to explain the numerous notations and relate them to a vehicle sale transaction. Accordingly, there was evidence with sufficient indicia of reliability before the district court to support its finding that the notes in question were drug ledgers. The district court's conclusion that Santana-Rivera was lying is plausible in light of the record.

Santana-River correctly asserts that, while the PSR determined that he should be held responsible for amounts of cocaine and methamphetamine distributed by the conspiracy, the drug ledgers did not explicitly make a reference to either drug. The probation officer recognized this ambiguity in the notes, however, and therefore, in an "abundance of caution," interpreted the drug proceeds referenced in the notes as being derived from sales of cocaine instead of methamphetamine because "it would be more beneficial to the defendant." Because it was not clear error to find that the notes were drug ledgers and because there was evidence introduced at the sentencing hearing that Santana-Rivera was involved with methamphetamine and cocaine, any error in construing the drug ledgers as referencing cocaine, which resulted in a lower base offense level than if the ledgers were construed as referencing methamphetamine, was in Santana-Rivera's favor and, therefore, harmless. *See* § 2D1.1, comment. (n.10(E)) (Drug Equivalency Tables).

Santana-Rivera did not argue before the district court that certain drugs could not be attributed to him because they were outside the time frame of the charged conspiracy. Accordingly, that argument is reviewed for plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). There is no plain

error. *See United States v. McCaskey*, 9 F.3d 368, 375 (5th Cir. 1993). The judgment of the district court is AFFIRMED.